PER CURIAM.
This attorney disciplinary proceeding, against Marie Susan Hotaling, a member of The Florida Bar, is before us on the complaint of The Florida Bar and report of the referee. Pursuant to article XI, Rule 11.-06(9)(b) of the Integration Rule of The Florida Bar, the referee’s report and record were duly filed with this Court. The Florida Bar has petitioned for review pursuant to article XI, Rule 11.09(1) of the Integration Rule of The Florida Bar. We have jurisdiction. Art. V, § 15, Fla. Const.
The referee found that respondent had neglected the work of two clients and concluded (1) that in handling a personal injury matter the respondent had violated Disciplinary Rule 6 — 101(A)(3) of the Code of Professional Responsibility in that she neglected a legal matter entrusted to her, and also violated Disciplinary Rule 7-101(A)(l) in that she failed to seek the lawful objectives of her client; and (2) that in representing a client in a dissolution and child custody matter she was not competent to handle the matter in violation of Disciplinary Rule 6 — 101(A)(1), that she handled the matter without adequate preparation in violation of Disciplinary Rule 6-101(A)(2), that she neglected a legal matter entrusted to her in violation of Disciplinary Rule 6-101(A)(3), and that she engaged in conduct prejudicial to the administration of justice in violation of Disciplinary Rule 1-102(A)(5). In summary, the referee found that respondent represented these two clients in an incompetent manner. The referee determined that there was no fraud or deceit involved and could only conclude that respondent’s organization and preparation did not meet any type of reasonable standard. The referee found as mitigating circumstances that many of the complainants’ accusations were over-reaching and unbelievable; that some of respondent’s problems appeared to stem from her inability to turn down clients from lower economic levels and from her taking the cases on short notice; and that there was a lack of prejudice to either of the clients involved.
Regardless of these mitigating circumstances, the referee recommended that the respondent be suspended for eighteen months and be placed on a bar-supervised probation for a period of two years after readmittance and reinstatement. Further, he would require respondent to (1) complete an office management course, (2) complete an ethics course or pass the ethics portion of the bar exam, and (3) associate herself with an AV-rated firm to see how the firm is properly operated. The board of governors recommends a three-month- and-one-day suspension, followed by a two- *556 year period of bar-supervised probation, as well as completion of a trial advocacy course and completion of an ethics course or successful retaking the ethics portion of the bar exam.
Our review of prior disciplinary cases reflects that the discipline recommended by the referee for this offense is inappropriate, particularly where the conduct was not dishonest or deceitful, there was no prior disciplinary proceeding against respondent, and the clients suffered no prejudice in the final resolution of their cases.
We concur with the referee in his findings of fact which are supported by clear and convincing evidence. We disagree, however, with the referee and the Bar as to the matter of discipline. Under the facts of the instant case, the proper penalty is a public reprimand together with a two-year period of bar-supervised probation, during which time the respondent shall quarterly report to the Bar an inventory of her pending cases. The publishing of this opinion in Southern Reporter will constitute the public reprimand.
The cost of these proceedings in the amount of $3,499.38 are assessed against the respondent.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.